IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JHAMAL CRAWFORD, AIS 301144, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-CV-204-WKW |
| | ) | [WO] |
| THE STATE OF ALABAMA AND ALABAMA DEPARTMENT OF CORRECTIONS, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Plaintiff Jhamal Crawford, an inmate in the custody of the Alabama Department of Corrections (ADOC), filed this 42 U.S.C. § 1983 action for alleged violations of his federal constitutional rights while incarcerated at the Bullock Correctional Facility. Contemporaneously with the initiation of his complaint, Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis*. (Doc. # 2.) However, he did not file the required documentation from his detention facility's inmate account clerk showing his average monthly balance and average deposits to his inmate account over the six months immediately preceding the filing of his complaint. Thus, on April 2, 2025, the court ordered him to file the required documentation by April 16, 2025, and warned that a failure to comply ultimately would result in dismissal of Plaintiff's action. (Doc. # 3.) Plaintiff also was

cautioned that he must immediately inform the court of all changes in his address, *e.g.*, if he is transferred to a new correctional institution or released from confinement. (Doc. # 3.) Although a copy of the April 2 Order was mailed to Plaintiff at his address of record, it was returned by the postal service on April 8, 2025, marked as "Return to Sender." (Doc. # 4.) Also, handwritten on the envelope was the notation: "unassigned." (Doc. # 4.)

On May 14, 2025, the court entered another Order giving Plaintiff a second opportunity to submit the required inmate account statement. (Doc. # 5.) That Order also was returned. (Doc. # 6.) Furthermore, a search of the ADOC's inmate database reveals that there is not an individual by Plaintiff's name currently in ADOC's custody. *See* ADOC, https://www.doc.alabama.gov/inmatesearch.aspx (last visited May 22, 2025). Notwithstanding the return of the Orders, to date, Plaintiff has not filed anything in this action since its filing ten weeks ago, and Plaintiff is no longer in the custody of the ADOC.

Plaintiff's inaction demonstrates a lack of interest in pursuing this action, and this action cannot proceed absent Plaintiff's active participation. Because the record reflects Plaintiff's lack of prosecution, it will be dismissed without prejudice. The authority of courts to impose sanctions for failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order

to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id*. It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31. Dismissal as a sanction, however, "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)). In this instance, where Plaintiff has failed to prosecute and his whereabouts are unknown, the court finds a clear record of delay and that sanctions lesser than dismissal would not suffice. *See id.*

Based on the foregoing, it is ORDERED that this action is DISMISSED without prejudice.

Final Judgment will be entered separately.

DONE this 22nd day of May, 2025.

                                          /s/ W. Keith Watkins
                                  UNITED STATES DISTRICT JUDGE